_ Derbigny, J.
delivered the opinion of the „ . ... court. On motion, made m the court of the first district on behalf of the representatives of the late William C. C. Claiborne, that court issued an order for the police jury of New-Orleaus to shew cause, within three days, why they should not be compelled to lay a tax on the parish. *5 «conformably to the provisions of an act entitled, (i An act for the relief of the widow and heirs of the late Governor Claiborne” and that rule having, been made absolute, an appeal was claimed therefrom, and brought up by consent of parties. •
The order of the district court is resisted on two grounds: 1. Because the courts of justice have no jurisdiction over a legislative body to compel them to. fulfil their legislative functions ; and ¾* Because the law, ordering the police jury to lay this tax, is unconstitutional.
The first fundamental principle of our constitution is, that the powers of the government are divided into three departments, ever to be kept distinct, to wit. the legislative, the executive and the judiciary.
To the legislative branch of the government belongs the right of laying taxes for purposes of general utility. Supposing the present tax to be one, which the legislature had a right to create, the law, by which they have ordered the police jury to impose it, is a delegation of their powers; To obey that law the j ury must legislate— they must themselves enact a law providing what sort of tax it shall be, on what property it *6 shall be laid, in what manner it shall be levied, now it shall be enforced. Is it the province of the judiciary to direct how they shall do all this? And, if they can give such directions, how are they to compel a compliance ? Suppose the jury enact a law, without providing for its execution, will courts again interfere ? As well might they legislate themselves. But the better to test the impropriety of such interference, how and against whom is this supposed authority to be exercised? The police jury, though authorized by law to represent the parish in courts of justice, is not a corporation possessed of property; therefore, no distringas can issue to compel a performance. One of their adverse counsel found no difficulty in the matter — he thought it very simple to send them all to jail. This mode is, no doubt, expeditious; but the question is, whether it is legal and proper.
In a deliberative body, the majority rules the minority. Suppose in this assemblage of twelve citizens, five were willing to lay the tax, and seven were dissenting; are they all to be imprisoned as refractory, or is the court to discriminate between them¿? The last seems to be the only step consonant with justice ; but. how is the court to know who is disobedient, and who is not ? In this particular case, there was *7 something said about unanimity ; but the knowledge of this fact is accidental. The question is, whether the court can compel a disclosure ( of the yeas and nays, and then pick out the refractory members to send them to jail; or whether, without taking any such trouble, it can at once through them all into prison, until a majority can be compelled to legislate. We think that it can do neither.
A majority of the court (Martin, J. dissenting) being of opinion that the imposition of the tax, required to be made by the police jury in the present case, would be an act purely legis* lative ; it is deemed unnecessary to examine into the constitutionality of the law, by which the legislature have undertaken to delegate to them power to legislate in this particular instance.
It does not belong to the courts ot judicature to interfere in legislative concerns, in such a manner as to order laws to be passed, or perfected, either by the legislature itself or any body politic to which it may have delegated legislative power, admitting its competency, to authorize others to legislate in any case.
It is, therefore, ordered, adjuged and decreed, that tile judgment of the district court be anting *8 led, avoided and reversed, and that iud uient be ordered for the defendants, with costs.
Duncan for the plaintiff, Moreau for the defendants.